JESSE S. PHILLIPS, SUPERINTENDENT OF INSURANCE OF THE STATE OF
NEW YORK, AS LIQUIDATOR OF THE CASUALTY COMPANY OF
AMERICA. V. SARAH PERUE ET AL.

No. 3334.   Decided April 6, 1921.

(229 S. W., 849.)

1.—Insurance—Foreign Corporation—Deposit of Securities.

It is within the power of the State to prescribe the conditions on which
a foreign corporation may pursue business within its borders.   It therefore
may require of a foreign insurance company a special deposit of securities
as a trust fund for the protection of its obligations arising under its policies
issued within the State.   (Pp. 119, 120).

2.—Same—Constitutional Law.

The enforcement of the law of Texas by appropriating the securities re-
quired to be deposited in the State by a foreign insurance company to the
protection of creditors therein would not be unconstitutional as a refusal to
give full faith and credit to the laws of the State of its creation, which
vested title to its assets, for the benefit of its creditors generally, in a liquida-
tor under the laws of such State, in case of its insolvency.   Such laws, hav-
ing no extraterritorial effect, they could not prevail here over the valid laws
of the State of Texas on the same subject.   (P. 120).

3.—Insurance—Foreign Corporation—Deposit of Securities.

Though article 4930, Revised Statutes. (providing for a deposit of secu-
rities by a foreign fidelity or guaranty company for the benefit of "the
holders of its obligations"), does not restrict such benefit to the holders of
policies to be issued by it in Texas, other articles of the statutes (4935, 4932)
make it reasonably clear that such was the intention of the Legislature.
Morrell v. Colonial Security Co., 101 Texas, 309, distinguished.   The right of
such Texas creditors in such securities was superior to that of a Liquidator
appointed under the laws of the State creating such corporation.   (Pp. 120,
121).

4.—Same—Equity—Receiver.

The law making no provision for the State Treasurer converting into
money the securities deposited with him, under articles 4930, Revised Stat-
utes, by a foreign fidelity and guaranty company for the protection of its
Texas creditors, nor for its distribution by him in case of numerous claim-
ants, it was within the power of a court of equity, at suit of a Texas credi-
tor of the insolvent corporation, to appoint a receiver to take possession of,
to convert, and to distribute the proceeds of, such securities for their benefit.
(P. 121).

5.—Certified Question.

On certified questions the Supreme Court cannot consider or pass on a
question of fact not raised by the certificate (here the sufficiency of notice
required by the court for intervention in a receivership).   (P. 122).

Question certified from the Court of Civil Appeals for the First
District, in an appeal from Walker County.

*Dean, Humphrey & Powell* (*Charles S. Whitman, Clarence C.
Fowler,* and *Albert Reese,* of counsel) for appellant:

The $50,000.00 deposit made by the Casualty Company of America, under the provisions of Article 4930, Revised Statutes, 1911, was a special or trust fund exclusively for the benefit of the fidelity, guaranty and surety bondholders of said Casualty Company of America, whether such bondholders were residents or citizens of the State of Texas, or eleswhere. Opinion of Attorney-General, Aug. 27, 1913; Chapter 13, Laws .of Texas, 1911; Mannington v. H. V Ry. Co., 8 Ohio L. Rep., 451. The construction placed . upon a statute by the attorney-general or other officers of the State government whose duty it is to construe, execute or administer the statute is entitled to great consideration and when such construction has been made by the highest officers of the executive department of the State Government it will be followed by the courts. It is what has come to be called "the practical construction of statutes." State v. Gunter, 36 Texas Civ. App., 381; Edwards v. James, 7 Texas, 372; State v. Brady, 114 S. W., 895; Mannington v. H. V. Ry. Co., 8 Ohio L. Rep., 451; State v. Kaiser, 18 C. C., 349; State v. Hirstius, 25 C. C. (N. S.), 177, 181; Grimmer v. Tenement H. Dept., 205 N. Y., 549; Bloxham v. Street Ry. Co., 29 L. R. A., 507. The general rule of statutory construction where general words are employed. Laughter v. Seela, 59 Texas, 177. Red v. Morris, 72 Texas, 554. Before legislation regulating insurance companies deposits were required to give jurisdiction to State courts. Murfree on Foreign Corps., page 60. Texas claimants would be paid in full if sent to the domiciliary proceedings. N. Y. Ins. Reports, 1918, Part III, page 445. Word "person" in the 14th amendment of the Federal Constitution embraces resident aliens and corporations. Yick Wo v. Hopkins, 118 U. S., 356; Pembina Etc. Mining Co. v. Pa., 125 U. S., 181; Smyth v. Ames, 169 U. S., 466; Kimmish v. Ball, 129 U. S., 217. A corporation, within the meaning of the fourteenth amendment of the Federal Constitution, is a resident only of the State in which it was incorporated. State v. F. & D. Co., 35 Texas Civ. App., 224; Stafford v. Am. Mills Co., 13 R. I., 310; Douglass v. P. Ins. Co., 138 N Y., 209, 221. Judgments entered in foreign states against corporations after dissolution or liquidation in state of their domicile are not valid claims against the assets. Pendleton v. Russell, 144 U. S., 640. A special deposit for policyholders is part of assets in case of insolvency. Atty. Gen'l v. N. Am. L. Ins. Co., 92 N. Y., 654. The Court has no power to oust a trustee and appoint a receiver. State v. Matthews, 64 Ohio St., 419; Ruggles v. Chapman, 59 N. Y., 163; Ruggles v. Chapman, 64 N. Y., 557; Matter Home Prov. S. F. Assn., 129 N. Y., 288; Cooke v. Warner, 56 Conn., 234.

The right, title and interest of Jesse S. Phillips, Superintendent of Insurance of the State of New York, and statutory liquidator of the Casualty Company of America, under Section 63, Insurance Law of New York, to the said deposit, was superior to any claim or

111 Tes.—8

lien of Texas creditors thereto. Superintendent of Insurance has title as liquidator. Matter of Empire State Surety Co., 214 N. Y., 553; Hartigan v. Casualty Co., 180 App. Div. (N. Y.) 194; Matter of Empire State Surety Co., 164 App. Div. (N. Y.) 586; Igel v. Phillips, 183 App. Div. ,(N. Y.) 220; Dewitt Clinton R. R. Ass'n N. Y. Law Jour., Dec. 2, 1918, page 725. Modern application of Rule of Comity. Lewis v. American Naval S. Co., 119 Fed., 391; Hurd v..Elizabeth City, 41 N. J. L. 1; Gilman v. Ketcham, 84 Wis., 60; Martyne v. Am. U. F. Ins. Co., 216 N. Y., 183; Wulff v. Roseville T. Co., 164 App. Div. (N. Y.) 399. Expenses of liquidation under Section 63, New York Insurance Law. N. Y. Ins. Report, 1918, Part I, pages 50-53. Policy of law to bring all claimants against insolvent corporations into common forum in domiciliary State to avoid expenses. Marshall v. Wendell, 45 App. Div. (N. Y.) 120; Rinn v. Astor F. Ins. Co., 59 N. Y., 143; Atty. Gen'l v. N. Am. L. Ins. Co., 6 Abb., New Cases (N. Y.) 293. Right of the Superintendent of Insurance of New York to sue in other States. Constitution of the U. S., Art. IV, Sec. 1; Constitution of Texas, Art. 1, Sec. 19; Revised Statutes of Texas, 1911, Arts., 4928-4940, incl.; Insurance Law of N. Y., Sec. 63; Relfe v. Rundle, 103 U. S., 222; Converse v. Hamilton, 224 U. S., 243; Bernheimer v. Converse, 206 U. S., 516; Howarth v. Lombard, 175 Mass., 570; Howarth v. Angle, 162 N. Y., 179; Bank Comrs. v. Granite St. P. Ass'n., 70 N. H., 557; Bockover v. Life Ass'n., 77 Va., 85; Murfree on Foreign Corporations, Sec. 488; Sterrett v. Second Natl. Bk., 246 Fed., 753.

The District Court of Walker County was without jurisdiction to direct its receiver to take charge of the corpus of the statutory trust in the hands of the Treasurer of the State of Texas or to direct its distribution through such receiver, for the reason that the trust was one which could not be administered by any person other than the State Treasurer. In re Home Provident Safety Fund Assn., 129 N. Y., 288; Ruggles v. Chapman, 59 N. Y., 163, 64 N. Y., 557; State, ex. rel. Matthews, 64 Ohio St., 419; Falkenback v. Patterson, 43 Ohio St., 359; Cooke v. Warner, 56 Conn., 234; Matter of Gdn. Mutual Life Ins. Co., 13 Hun (N. Y.), 115; Atty. Gen'l v. No. Amer. Life Ins. Co., 93 N. Y., 387; Smyth v. Munroe, 84 N. Y., 354; Robinson v. Mutual Reserve Life Ins. Co., 162 Fed., 800; Morrill v. American Reserve Bonding Co., 151 Fed., 305.

The District Court of Walker County was without jurisdiction to direct its receiver to take charge of the corpus of the statutory trust in the hands of the Treasurer of the State of Texas or to direct its distribution through such receiver for the further reason that the plaintiff in the action of Sarah Perue v. Jesse S. Phillips, etc., has no claim whatsoever upon said trust, whatever claim she may have against the estate of the Casualty Company of America. Laws of Texas, 1911, Ch. 13; Withers v. Patterson, 27 Texas, 491; Ex parte

Reed, 100 U. S., 13; Woodruff v. Harrell, 67 Texas, 298; Watson v. Baker, 67 Texas, 48.

The District Court of Walker County was without jurisdiction to direct the distribution of said trust fund because of its failure to give or cause to be given notice which due process of law requires to be given to all persons interested in such trust fund. Guthrie Nat'l Bank v. Guthrie, 173 U. S., 528; Columbia Borough Lancaster Co. App., 163 Penn St., 259; Minnesota v. North Securities Co., 184 U. S., 199; Twining v. New Jersey, 211 U. S., 78; Jacob v. Roberts, 223 U. S., 261; American Land Co. v. Zeiss, 219 U. S., 47; California v. Southern Pac. Ry. Co., 157 U. S., 229; Minnesota v. Northern Security Co., 184 U. S., 199; Story, Equity Pleadings, Sec. 72.

There is an implied mutual agreement on the part of policyholders wherever resident to submit their claims in their statutory liquidation of this company as an Insolvent Company under the Insurance Department of the State of New York and the deposit under Article 4930, Rev. Stat. of Texas, 1911, should be remitted to the New York Liquidator for distribution among creditors.

Even though the Policyholders of Texas were not obliged as a matter of law to resort to the Liquidation in the State of New York for the payment of their claim, it would still be proper for the Texas Court in the exercise of a sound judicial discretion to refer the Texas Creditors to that Proceeding under the modern rule of Comity.

*Hill & Hill,* for appellee Sarah Perue.

The court correctly held that the fund in the hands of the Treasurer was made for the benefit of Texas Creditors, and its judgment subjecting such fund to the payment of their claims is correct. Chapter 13, Revised Statutes 1911, being Articles 4928 to 4940; Lewis v. American, 39 L. R. A., 559; Pembina Min. Co. v. Pennsylvania, 125 U. S., 190, 31 L. Ed., 650; Menard v. Granite State Prov. Assn., 92 Fed., 440; Blake v. McClung, 172 U. S., 257, 43 L. Ed., 439; New York Life Ins. Co. v. Cravens, 178 U. S., 389, 44 L. Ed., 1116; Equitable Life Assoc. v. Clements, 140 U. S., 226, 35 L. Ed., 497; Johnson v. New York Life Ins. Co., 187 U. S., 492, 47 L. Ed., 273; Bonaparte v. Tax Court, 14 Otto, 592, 26 L. Ed., 845; Paul v. Virginia, 8 Wall., 168, 19 L. Ed., 357; Lexington v. Milton, 12 B. Mon. (Ky.), 212, 54 Am. Dec., 582; Elmoyle v. Cohen, 13 Pet, 312, 10 L. Ed., 177; Cole v. Cunningham, 133 U. S., 112, 33 L. Ed., 538; People v. Granite State Prov. Assn., 161 N. Y., 492; Sandall v. Atlanta Mut. L. Ins. Co., 31, S. E., 230; Piedmont & Arlington L. Ins. v. Wallin, 58 Miss., 1.

Appellant is in no better position than the corporation itself, and Article 4932 expressly providing how and on what terms the deposit could be withdrawn from Texas, appellant could not obtain possession of said bonds without fully complying with provisions of

said Article 4932. Article 4932, Revised Statutes 1911; Bernheimer v. Converse, 206 U. S., 516, 51 L. Ed., 1163; Relfe v. Rundle, 103 U. S., 222, 26, L. Ed., 337; Kruger v. Bank, 31 S. E., 270; State v. Matthews, 60 N. E., 605; Hunt v. Columbian Ins. Co., 92 Am. Dec., 592.

Under Article 4, Section 1, U. S. Constitution, courts of Texas are not compelled to give effect to administrative provisions of New York insolvent laws; full faith has been accorded appellant when effect has been given to his appointment thereunder, and he is allowed to assert herein such title as he may have. Bonaparte v. Tax Court, 14 Otto, 529; Minnesota v. Northern Securities Co., 194 U. S., 72; Paul v. Virginia, 8 Wall., 168; Lexington v. Melton, 54 Am. Dec., 5226.

*George T. Burgess* and *J. J. Eckford,* for appellees Balesteri, Langbein and Morriss.

Courts of the forum will not release property of the debtor in their jurisdiction for administration in the foreign jurisdiction, and relegate its citizens to such jurisdiction for the adjudication of their rights. Commercial National Bank v. Matherwell I. & S. Co., 31 S. W., 1004; People v. Granite State Prov. Assn., 161 N. Y., 492; Howarth v. Angle, 47 L. R. A., 725; Disconto Gesellschaft v. Umbreit, 208 U. S., 570, 52 L. Ed., 625; 34 Cyc. 490; Hughes v. Hunner, 91 Wis., 116. It is a general principle of law that every State has the right to control the property within its jurisdiction and will appropriate the same to the payment of its own creditors before assenting that any part may be removed. Smith v. St. Louis Mut. L. Ins. Co., 6 Lea (Tenn.), 564; Gilchrist v. Cannon, 1 Cold. (Tenn.), 581. Resident creditors of insolvent foreign corporations are paid before anything is sent to foreign Receiver, and while the assets of such corporation are still in the State foreign Receiver cannot assert his control over such assets as against domestic creditors. Frowert v. Bank, 54 Atl., 1000; Clark v. Supreme Council, 80 Pac., 931. Lackmann v. Supreme Council, 142 Calif., 22.

The deposit of the Casualty Company of America under provisions of Chapter 13 Sayles' R. S. 1913, which is necessary to do a fidelity and surety business in Texas is a special fund for the benefit of persons suffering losses in Texas under the fidelity and guaranty business conducted by said company in Texas, and these appellees holding judgments of courts of Texas on causes of action arising out of the conduct by said company of its guaranty and surety business in Texas, had a prior, superior and equitable lien on said deposits, prior to any right, title or interest of appellant; and the court did not err, insofar as these appellees are concerned. in adjudging their claims superior to the claim of appellant. Chapter 13, Revised Statutes, 1911, being Articles 4928 to 4940; Lewis v. American, S. &

L. Assn., 39 L. R. A., 559; Pembina v. Pennsylvania, 125 U. S., 190, 31 L. Ed., 650; Menard v. Granite State Prov. Assn., 92 Fed., 440; Blake v. McClung, 172 U. S., 257, 43 L. Ed., 439; New York Life Ins. Assn. v. Cravens, 178 U. S., 389, 44 L. Ed., 1116; Equitable Life Assn., v. Clements, 140 U. S., 226, 35 L. Ed. 497; Johnson v. New York Life, 187 U. S., 492, 47 L. Ed., 273; Bonaparte v. Tax Court, 14 Otto, 592, 26 L. Ed., 845; Paul v. Virginia, 8 Wall., 168, 19 L. Ed. 357; Lexington v. Milton, 12 B. Mon. (Ky) 212, 54 Am. Dec., 582; McLemore v. Cohen, 13 Pet. 312, 10 L. Ed. 177; Cole v. Cunningham, 133 U. S., 112, 33 L. Ed. 538; People v. Granite State Prov. Assn., 161 N. Y., 492; Sandall v. Atlanta Mut. L. Ins. Co., 31 S. E., 230; Piedmont & Arlington L. Ins. Co. v. Wallin, 58 Miss., 1.

As neither apellant nor the State of New York had jurisdiction or possession of the bonds deposited with the treasurer of the State of Texas, the District Court did not err, insofar as the rights of these appellees are concerned, in refusing to dismiss the petition in this cause and the interventions, and adjudging the bonds deposited by the treasurer of the state in said cause to be turned over to appellant, because the judgment of the Supreme Court of New York set up by appellant in his intervention directing him to administer the assets of said Casualty Company as a statutory receiver is without force and effect beyond the limits of the State of New York and is only binding upon the parties to said suit over which the court had jurisdiction, to-wit, appellant and said Casualty Company, including its stockholders, as such, and over the assets of said company within the limits of the State of New York; that by virtue of said decree appellant had no authority to administer the assets of said company situated in Texas, but the only standing, if any, appellant has in this suit is as the holder of the title and rights of said Casualty Company in and to said bonds under the provisions of Chapter 13, Revised Statutes of Texas, and appellant's title to such deposit is no better than or superior to that of the Casualty Company itself, and the rights, interest and liens of these appellees as creditors of said Casualty Company for losses sustained by said company in this state upon its surety obligations while doing a surety business in this state by reason of said deposit. Sanger v. Jesse French P. & O. Co., 52 S. W., 621; Minnesota v. Northern Securities, 194 U. S., 72, 48 L. Ed., 881; Disconto Gesellschaft v. Umbreit, 208 U. S., 570, 52 L. Ed., 625; Commercial National Bank v. Matherwell I. & S. Co., 31 S. W., 1002.

*A. T. McKinney, Jr.,* for appellee Jones, Receiver.

A receiver has no extra-territorial jurisdiction, and his functions and powers, as receiver, are limited to the State of his appointment. Booth v. Clark, 17 How., 322; Moseby v. Burrow, 52 Texas, 396; Moreau v. DuBellet, 27 S. W., 503; Baldwin v. Johnson,

95 Texas, 85; Kellogg v. Lewis, 40 S. W., 323; Malone v. Johnson, 101 S. W., 503; Nesom v. City Natl. Bank, 174 S. W., 716; 34 Cyc., 484 et seq.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The facts upon which are predicated the questions certified are, in brief, these:

The Casualty Company of America, a New York fidelity, guaranty and insurance corporation, for the purpose of pursuing its business in Texas, in 1914 complied with Article 4930 by depositing with the State Treasurer $50,000.00 in securities. It surrendered its right to do business and withdrew from the State in 1916, leaving the deposit in the hands of the State Treasurer, and making no effort to comply with Article 4932 by giving the bond there required of such a company for the protection of its outstanding contracts, upon withdrawing from the State.

The company becoming insolvent, Jesse S. Phillips, Superintendent of Insurance of the State of New York, on May 4, 1917, in virtue of the insurance laws of the State of New York and of an order of the Supreme Court of New York County, was appointed liquidator of the company and vested with title to all of its property.

Later, in 1917, the appellee Sarah Perue, as a creditor of the company under one of its policies, filed this suit against it in the District Court of Walker County for the sum of $1800.00, seeking to subject the deposit in the hands of the State Treasurer to the payment of her claim, alleging the company's insolvency and the appointment in New York of a receiver of its affairs, and asking for the appointment of a receiver in Texas for the deposit pending the determination of her suit. On the same date, on this petition, the District Court of Walker County appointed W. C. Jones as such receiver, directing him to take possession of all the company's assets within the State of Texas and hold them subject to the court's orders. Jones at once qualified under this appointment.

Afterwards various parties intervened in the cause, asserting claims against the Casualty Company on bonds and policies issued by it and seeking their payment out of the deposit in the State Treasurer's hands.

In September, 1917, the District Court of Walker County entered an order directing that all interventions against the company be filed in the suit by March 1, 1918. This order was later extended. Forty-two creditors of the company other than the plaintiff filed such interventions on claims arising from bonds and policies issued by the company, seeking to have their claims satisfied out of the deposit with the State Treasurer.

In April, 1918, the State Treasurer also intervened in the cause, setting up the custody of the deposit; the withdrawal of the company from the State without having given the bond required by Article 4932; alleging that the statutes provided no way for the execution of the trust imposed upon him by Article 4930, and tendering the deposit in his hands into the court for such disposition as it might determine.

This intervention was considered by the court, and judgment rendered that as there was no provision of the statutes under which the State Treasurer was authorized to convert the securities into money or distribute such funds under the company's situation, . or providing any method by which those entitled could obtain satisfaction of their claims out of such deposit, it was necessary that it be delivered into the hands of the court's receiver, and directing that it be so delivered, and adjudging that thereupon the State Treasurer be relieved of the trust imposed upon him by the statutes in its relation. Pursuant to this judgment the State Treasurer delivered the deposit to the court's receiver.

Jesse S. Phillips, as liquidator of the company under the appointment of the New York court, also intervened in the cause, asserting his right to the fund and asking that it be turned over to him for administration in the New York court.

Judgment was rendered in the cause, April 18, 1918, against the company, the receiver, and also against Jesse S. Phillips denying his claim—in favor of Sarah Perue and the other intervening creditors, establishing their respective claims and ordering their satisfaction out of the securities constituting the deposit, which the receiver was directed to convert into cash for that purpose.

The questions certified are:

1. Whether the deposit with the State Treasurer constituted a trust fund to which the Texas creditors of the company had a claim superior to the right of Jesse S. Phillips, as liquidator of the company under the laws of the State of New York.

2. Whether the District Court of Walker County had the authority to appoint a receiver for the deposit. And if so, whether it was empowered to order, as directed in its judgment, the disbursement of the fund through the receiver, rather than through the State Treasurer.

The decision of the first question depends entirely upon the effect of our statutes governing the deposit. It was fully within the power of the State to prescribe the conditions on which the foreign corporation might pursue its business within its borders. It therefore had the right to require of the corporation, if deemed necessary, the special deposit as a trust fund for the protection of its obligations arising under its policies so issued within the State. Pierce Oil Corporation v. Weinert, Secretary of State, 106 Texas,

435, 167 S. W., 808; Blake v. McClung, 172 U. S., 239, 43 L. Ed., 432, 19 Sup. Ct., 165; People v. Granite State Provident Association, 161 N. Y., 492, 55 N. E., 1053; Lewis v. American Savings & Loan Associatoin, 98 Wis., 203, 39 L. R. A., 559, 73 N. W., 793.

This was a matter for the Legislature. There can be no question as to its power.

Having the authority to require the deposit and to give it the character of a trust fund for the benefit of such special creditors, if the Legislature has so provided by law, neither the corporation, having availed itself of the benefits of the law, nor any one succeeding to its rights, can complain of an enforcement of the law. A law to which the corporation had voluntarily subjected itself would necessarily be binding upon its shareholders and other creditors and any one standing in the stead of the corporation.

Nor would an enforcement of the law violate the Federal Constitution as a refusal to give full faith and credit to the laws of another State purporting to vest title to the fund in the liquidator of the corporation in that State. The laws of this State are not subordinate to the laws of another State touching property lawfully within the jurisdiction of this State. It would be a novel proposition to say that valid laws of this State dealing with property here must yield to the laws of another State, which, of course, have no extra-territorial effect.

Article 4930 provides that a foreign fidelity or guaranty corporation doing business in this State shall have on deposit not less than $100,000 in good securities with a State officer of one of the States of the United States, held by such officer for the benefit of "the holders of its obligations," and also that it shall have on deposit with the State Treasurer of this State not less than $50,000 in good securities, held for the benefit of "the holders of the obligations" of such company, to remain with him in trust to answer any default of the company as a surety upon any of its fidelity or surety bonds, etc., established by final judgment upon which execution may lawfully be issued against it.

The deposit in controversy here was made in compliance with this article.

Except for the stipulation that the deposit shall be answerable only for judgments on which execution may lawfully issue in this State, which judgments would ordinarily be rendered only in favor of Texas creditors, there is nothing in this article expressly indicating that the deposit shall constitute a trust fund for the benefit primarily of such creditors.

Other articles of the statutes in immediate context, however, make it reasonably clear that such was the intended purpose. Article 4935 declares the character of claims which may be satisfied by the State Treasurer out of the deposit. They are only

those established by final judgment as a loss of the company "incurred in this State." Losses of the company "incurred in this State" could not well be other than those arising because of fidelity, guaranty or insurance obligations issued by it in this State in the pursuit of its business here. These would be its Texas obligations. If under the law only obligations of this character may be satisfied out of the fund, it is plain that the fund is primarily for their benefit.

Article 4932 presents the conditions under which the deposit may be withdrawn upon the company's surrendering its right to do business in the State. One of them is that the company shall file with the State Treasurer a bond payable to the State in a sum "equal to the whole amount of its liability *in this State* under its contracts, conditioned for the faithful performance and fulfilment of all its outstanding obligations." Such a bond would enure only for the benefit of the company's Texas obligations. It could hardly have been intended that this substitute for the deposit could be availed of only for the satisfaction of such obligations, unless the deposit, itself, was primarily for their benefit.

The Act reviewed in Morrell v. Colonial Security Company, 101 Texas, 309, 107 S. W., 524, contained no such provisions as these. That decision, therefore, does not govern the case.

The only reasonable inference to be drawn from these articles of the statutes is that the Legislature intended the deposit of such a company to constitute a special trust fund for the protection of its policy obligations issued in the transaction of its business within this State. The right of the holders of such obligations to the fund would therefore in our opinion be superior to any right of the liquidator of the company under the New York laws.

We think it clear that the District Court of Walker County, under the circumstances shown, had the power to appoint a receiver of the fund, and also to disburse it through its receiver rather than through the State Treasurer. The law makes no provision for the Treasurer's converting the deposit into money, or for its distribution in the case of numerous claimants. To make an equitable distribution under such conditions was peculiarly within the province of a court of equity. The appointment of the receiver was but in aid of the efficient exercise of its powers. The court had the authority to appoint a receiver of its own selection, and we can see no objection to its ordering the disbursements of the fund by him, rather than through the Treasurer. Having the power to appoint the receiver in the first place, that would be a proper function for the receiver to perform. There is nothing in the law that under the circumstances here present would require the court to disburse the fund through the Treasurer to the exclusion of its receiver.

The Treasurer appeared in the case and asked to be relieved of the trust. No question arises, therefore, as to his being improperly ousted.

It is urged in the appellant's brief that no sufficient notice was required by the court for the intervention of proper claimants; and upon this ground the court's jurisdiction to adjudge a distribution of the fund is attacked. There is nothing in the certificate of the Court of Civil Appeals showing that proper notice was not given. This question, in our opinion, is not presented by the certificate.