## PHILLIPS v. PERUE et al.　(No. 7741.)

(Court of Civil Appeals of Texas. Galveston. May 27, 1921.)

I. Appeal and error ⧢877(2) — Intervener held not entitled to raise question not affecting him.

In action by creditor of foreign insurance company to subject deposit made with the State Treasurer under Rev. St. 1911, art. 4930, to payment of the debt, the Superintendent of Insurance of the state in which the company was organized, acting as liquidator of the company, after intervening in such action as claimant of the securities deposited, could not, on appeal from judgment directing distribution of proceeds of sale of securities to plaintiff and other creditors who had intervened in the action, and denying the·claim of such Superintendent of Insurance, question the sufficiency of the notice required by the trial court for the intervention of proper claimants or the sufficiency of the proof in reference to a number of the claims for which recoveries were allowed, in the absence of a showing that their claims had not exhausted the deposit, since the deposit was for the primary benefit of the Texas creditors, and such Superintendent of Insurance of

other state, in the absence of such showing, had no interest to be affected.

**2. Appeal and error ⊸179(1)—Question urged on appeal held not sufficiently raised in trial court.**

In action against insolvent foreign insurance company by a creditor to subject deposit of securities made with State Treasurer under Rev. St. 1911, art. 4930, to payment of the debt, in which a receiver was appointed and other creditors were directed to file claims, questions as to whether sufficient notice was required by the court for the intervention of proper claimants and as to the sufficiency of proof in reference to a number of allowed claims were not available on appeal where there was no pleading or proof that any persons entitled to participate in the fund were not before the court, or complaint by such persons themselves.

Appeal from District Court, Walker County; E. A. Berry, Judge.

Action by Sarah Perue and others against the Casualty Company of America, in which a receiver was appointed, and Jesse S. Phillips, Superintendent of Insurance of the State of New York, as liquidator of the Casualty Company of America, and others intervened. Judgment for plaintiff and some of the interveners against the defendant and the receiver, and directing that the named intervener take nothing, and named intervener appeals. On remand after answer of the Supreme Court to questions certified to it (229 S. W. 849). Affirmed.

Dean, Humphrey & Powell, of Huntsville, and Chas. S. Whitman, Clarence C. Fowler, and Albert Peese, all of New York City, for appellant.

Geo. T. Burgess and J. J. Eckford, both of Dallas, C. M. Cureton, Atty. Gen., C. W. Taylor, Asst. Atty. Gen., A. T. McKinney, of Huntsville, and Hill & Hill, of Houston, for appellees.

GRAVES, J. Casualty Company of America, a corporation organized under the Insurance Law of the state of New York (Consol. Laws, c. 28), to do a fidelity, guaranty, and insurance business, qualified in 1914 to do business in the state of Texas and made a deposit of $50,000 in securities with the Treasurer of the state of Texas, under article 4930, Revised Statutes of Texas 1911.

While its permit to do business in Texas did not expire until February 28, 1917, it withdrew from the state on December 5, 1916, surrendering its right to do business in Texas, but leaving the deposit with the State Treasurer as before.

On May 4, 1917, by virtue of section 63 of the Insurance Law of the state of New York and of an order pursuant thereto entered in the Supreme Court of New York county, Jesse S. Phillips, Superintendent of Insurance of the state of New York, became vested, as liquidator, with title to all the company's property.

On June 16, 1917, Sarah Perue commenced this action against the Casualty Company in the district court of Walker county, Tex., for the sum of $1,800, the action being based on an award by the Industrial Accident Board of Texas, which award was based in turn on a compensation policy issued by the Casualty Company to W. R. Griffin. She sought by this suit to subject the $50,000 so on deposit with the Treasurer of Texas to the payment of her debt, alleged that the company was insolvent, that a receiver had already been appointed in New York to take charge of its assets there, and asked the court to appoint a receiver of the fund, pending final adjudication of the cause. This action was apparently taken pursuant to article 2128, Revised Statutes of Texas.

On the same day the suit was filed therein the district court of Walker county, on considering the petition, appointed W. C. Jones receiver of the company, directing him, upon filing the prescribed bond, to take possession of all its assets situated, in the state of Texas and hold them subject to the court's further orders. Jones at once qualified and entered upon his duties.

Thereafter various parties intervened in the cause, asserting judgments and claims against the Casualty Company, and seeking payment out of the funds in the Treasurer's hands. At the September term, 1917, the court entered upon its minutes an order directing all parties having claims against the company to intervene in the suit by March 1, 1918. This was in effect extended by a further order of April 18, 1918, giving all parties leave to intervene and file additional pleadings. On this last-mentioned date, and after all the other litigants had come in. J. M. Edwards, the Treasurer of the state of Texas, intervened in the cause, wherein he alleged that he was custodian of the bonds deposited with him by the Casualty Company of America in order for that company to do a fidelity and surety business in the state of Texas. He further recited that the Casualty Company, on the 5th day of December, 1916, withdrew from business in the state of Texas, that, although it surrendered its certificate authorizing it to do business in the state of Texas, it did not withdraw the securities under article 4932, Revised Statutes, and that it did not give the required bond, nor reinsure its business, nor take any other action by which it was entitled to withdraw the securities deposited with him. He also alleged that the statutes of Texas provided no way by which he might execute the trust imposed upon him by article 4930, and tendered the securities held by him into court for such disposition as the court should find

---

⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

proper under the law and facts of the case. On the same day, the 18th day of April, 1918, this intervention of the Treasurer was considered by the court, and judgment rendered that it was necessary for the receiver to have possession of the securities; that there was no law by which the State Treasurer might collect the sums due under the securities in his possession, and no law by which he was authorized to distribute the funds in his possession applicable to the present state of affairs of the defendant Casualty Company of America, and there was no method by which those entitled to such funds might obtain same, except through the instrumentality of that court; that as a consequence the Treasurer should turn the securities into the registry of the court for delivery to the receiver, and he himself be relieved of further custody of them and of the trust imposed upon him by the statutes with reference thereto. The Treasurer so delivered the fund or securities, and thereafter, though a formal party, took no further active part in the litigation.

Among those above alluded to as having come into the cause were Lena Balesteri, J. H. Langbehn, and B. G. Morris, all residents of Texas, who held surety obligations of the Casualty Company, contracted in Texas, and which had previously been reduced by the courts of Texas to judgments against it. Some 39 other creditors had also come in, setting up claims arising out of bonds and policies issued by the company, which were alleged to be of such a nature as to entitle them to have the same, or a properly proportionate share thereof in event the fund did not fully meet all claims, paid out of the $50,000 deposit.

It is not deemed essential that further details as to the origin and character of any of these creditors' claims be here gone into.

Jesse S. Phillips, who, in so far as the insurance laws of New York and the proceedings had thereunder in the Supreme Court of that state could do so as against the rights claimed herein under the Texas statutes, had before the filing of this suit in Texas been vested with title to all the company's assets wherever situated, including the $50,000 deposit in Texas, and authorized to administer them as is usual with receivers of insolvent corporations, also intervened, claiming the deposit by virtue of such title and authority acquired in New York, and asking that it be turned over to him for distribution in the domiciliary liquidation and settlement of the company's affairs then being carried on in New York.

The case was tried without a jury, and on April 18, 1918, the court below rendered judgment against the Casualty Company of America and W. C. Jones, as receiver thereof, in favor of Sarah Perue and the 42 intervening creditors for the several amounts adjudged to have been proven up by them,

directing its receiver to take charge of the deposited securities, which had been turned over to him by the Treasurer under the court's prior order, convert them into cash, and distribute the proceeds in the order specified to the plaintiff and the intervening claimants, who were divided into certain classes, after paying fees of the receiver and his attorneys. Any balance was to be held by the receiver subject to further orders of the court, and Jesse S. Phillips, superintendent, liquidator, etc., was to take nothing. From this judgment Jesse S. Phillips in the capacity stated above has appealed.

It will be noted that while the trial court did not in this judgment purport to order distribution of this fund under the provisions of article 4935, Revised Statutes of Texas 1911, providing in certain contingencies for payment by the Treasurer direct, it in effect treated and administered the deposit as a trust fund for the benefit of Texas creditors by its direction to the Treasurer to turn the same over to the court's receiver for disbursement through that agency.

Upon the facts thus stated, this court at a former term certified to our Supreme Court the following questions:

"(1) Was the $50,000 deposit, under the provisions of article 4930, Revised Statutes, c. 13, a special or trust fund, upon which the Texas creditors of the Casualty Company of America had a claim or lien prior and superior to any right, title, or interest therein held by Jesse S. Phillips, liquidator, etc., of the company under the laws of New York?

"(2) Did the court below have authority to appoint a receiver in Texas to become custodian of the fund in place of the Treasurer of the state, and, if so, was it vested with the further power to order the disbursement thereof through that officer in the manner it did rather than through the Treasurer?"

By opinion delivered April 6, 1921, and filed in this court May 17, 1921 (229 S. W. 849), the Supreme Court answered both these questions in the affirmative, thereby holding that the deposit was a trust fund to which the Texas creditors of the company had a claim superior to any right of appellant, Phillips, and that the court below not only had authority to appoint a receiver for it, but, as directed in the judgment there entered, to order the disbursement of the amount through that agency rather than through the State Treasurer.

We think that holding determines adversely to him the merits of the appeal presented here by appellant, and that the trial court's judgment against him must accordingly be affirmed.

[1, 2] In addition to the issues which were thus submitted to the Supreme Court, he has attempted to raise in this court questions as to whether or not sufficient notice was required by the trial court for the intervention of proper claimants and as to

the sufficiency of the proof in reference to a number of the claims for which recoveries were there allowed, but we do not think he has shown himself to be in position to complain about these matters. In the first place, the deposit being for the primary benefit of the Texas creditors, and the facts here not showing that their claims had not exhausted it, he could have no interest affected. In the second place, he nowhere pleaded nor proved that any persons entitled to participate in the fund were not before the court, nor are any such persons themselves complaining; indeed, there is nothing in the record to indicate that any such persons in fact existed.

No reversible error being pointed out, all assignments are overruled, and the judgment is affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes