## E. G. Senter v. Charley Lockhart, State Treasurer, et al.

Motions Nos. 11,547 and 11,725. Decided March 20, 1935.
(82 S. W., 2d Series, 375.)

*E. G. Senter,* of Dallas, for relator.

*James V. Allred,* Attorney General, and *Vernon Coe,* Assistant Attorney General, for respondents.

MR. JUDGE CRITZ of the Commission of Appeals delivered the opinion for the court.

It appears that on the 23rd day of January, 1935, this court overruled a motion to file petition for mandamus herein. The motion was filed by E. G. Senter as relator, against J. W. Greenwood, Standard Accident Insurance Company of Detroit, Michigan, a corporation, Charley Lockhart, State Treasurer, and R. L. Daniel, State Insurance Commissioner. We now deem it expedient to express the reasons which actuated the above rulings.

It appears from the application which accompanied the motion to file petition for mandamus that E. G. Senter recovered a judgment in the District Court of Tarrant County, Texas, against J. W. Greenwood in the sum of $1250.00. Greenwood appealed by supersedeas bond to the Court of Civil Appeals. On final hearing in that court the judgment of the district court was in all things affirmed, (44 S. W. (2d) 504) and judgment was expressly entered against Greenwood and the surety on the supersedeas bond, the above named Insurance Company. Greenwood duly perfected writ of error to this court, and the application was granted. (121 Texas, 649). On final hearing

in this court, the judgments of the two lower courts were affirmed to the extent of $750.00, but reversed, and the cause remanded to the district court for a new trial as to one item of $500.00. (Com. App., 61 S. W. (2d) 812). The judgment of this court in due time became final. The judgment of this court, in effect, in all things affirmed the judgment of the district court and Court of Civil Appeals for $750.00.

After the happening of the above events mandate was duly issued by this court to the district court. The application then shows that execution has been duly issued out of the District Court of Tarrant County, Texas, directed to the sheriff of that county and returned by the sheriff "no property found." Also execution has been issued out of the District Court of Tarrant County, Texas, directed to the Sheriff of Dallas County, Texas, and returned by the sheriff of that county "no property found." The application alleges that these executions were issued against both Greenwood and the Insurance Company.

After the return of the above executions relator requested this Insurance Company to pay the portion of his judgment above described which was affirmed by this court. The Insurance Company failed and refused to honor such request.

After the happening of the above events relator made known to Charley Lockhart, State Treasurer, the above facts and especially the fact that this Insurance Company had failed and refused to pay this judgment, and demanded that said Lockhart pay such judgment out of the proceeds of $50,000.00 in securities held by him as State Treasurer belonging to this Insurance Company. Lockhart declined to pay such judgment, and this proceeding followed.

Before proceeding further we deem it expedient to quote a part of Article 4969 and all of Article 4976, R. C. S. of Texas, 1925:

Art. 4969. "* * * Said corporation organized under the provisions of this article shall have a paid up capital stock of not less than $100,000.00 and shall keep on deposit with the State Treasurer money, bonds or other securities in an amount not less than $50,000.00. Said securities shall be approved by the Commissioner and this amount shall be kept intact at all times. * * *"

Art. 4976. "Should any company of the character mentioned in this subdivision fail or refuse to pay any loss by it whatsoever (wheresoever) incurred within sixty days after its liability thereupon shall have been finally determined by the judgment of any court of competent jurisdiction wheresoever

rendered, then upon satisfactory proof to the Treasurer of this State of such liability and of its nonpayment, said Treasurer shall, out of the deposits so made with him, as by this subdivision provided, pay said loss and when he shall have done so he shall at once certify to the Commissioner the fact of such default on the part of said company; whereupon said Commissioner shall forthwith cancel and annul the certificate of authority of such company to do business in this State. Such payment shall not operate to release the company from payment of any balance which it still may owe after such payment by the Treasurer of this State has been made."

It will be noted that under the terms of Article 4969, supra, insurance companies of this kind doing business in Texas are required to keep on deposit with the State Treasurer $50,000.00 in approved securities. This deposit is a special trust fund for the protection of the depositing company's policy-obligations arising out of the transaction of its business in this State. Phillips v. Perue, 111 Texas, 112, 229 S. W., 849. It follows that if this Insurance Company is liable to relator for the judgment affirmed by this court he is entitled to in some way have the same satisfied out of the $50,000.00 trust fund held by the respondent Lockhart. It is not the province of this court to direct how he may proceed against said fund if this proceeding is not a proper method. We therefore come now to decide whether the liability, if any, of this Insurance Company to Senter can be discharged by Lockhart, Treasurer, in the manner demanded by Senter.

It will be assumed from the allegations of the petition for mandamus and the answer of respondent Lockhart, that Lockhart, as State Treasurer, has on deposit in his office $50,000.00 in approved securities belonging to this Insurance Company. It will further be assumed that such securities were deposited under the terms of Article 4969, supra. It will be especially noted however that this deposit does not consist, either in whole or in part, of cash money.

Article 4976 makes it the duty of the State Treasurer to pay final judgments out of the above fund under certain circumstances. But such article provides no procedure by which the Treasurer may discharge this duty in the way and manner expressly provided by statute when the deposit consists of securities, and not money. As already said he has no money in his hands belonging to this Insurance Company, and the statute provides no machinery or method by which he can convert the securities held by him into cash. It follows that

though the fund is undoubtedly a trust fund and can be subjected to any liability which may exist against this Insurance Company in favor of E. G. Senter by reason of the facts of this record above detailed, still for the reasons stated such liability cannot be enforced by mandamus as here sought. Phillips v. Perue, supra.

In overruling the motion to file petition for mandamus and motion for rehearing thereon this court did not prejudice any other remedy relator may have against this Insurance Company. Furthermore we do not express any opinion on the merits of the dispute between relator and the insurance company.

Opinion adopted by the Supreme Court March 20, 1935.