## JOHN W. STEPHENS, EX PARTE.

### No. 1588. Decided June 23, 1906.

**Receiver—Security Company—Deposit with State Treasurer—Jurisdiction.·**

A receiver having been appointed for the property of an investment company which had deposited with the State Treasurer money and securities, as required by the Act of 1897 (Sayles' Rev. Stats., arts. 749f–749i), he made requisition on the Comptroller for a warrant on the Treasurer to pay over such deposit; and on the Comptroller's refusal the court appointing the receiver fined him for contempt, and committed him till payment and compliance with the requisition. On habeas corpus, brought by the Comptroller, it is held, that, under section 4 of such act, the court had no right to demand that the deposit be turned over to the receiver until a final adjudication of the rights of all persons interested in it, and that the relator should be discharged from custody. (Pp. 107–109.)

Original application by John W. Stephens, Comptroller, to the Supreme Court, for writ of habeas corpus.

*R. V. Davidson,* Attorney-General, and *W. E. Hawkins,* Assistant, for relator.

*Lackey & Lewright* and *Allen & Hart,* for respondent.

GAINES, CHIEF JUSTICE.—The relator having been arrested, sued out a writ of habeas corpus and the case having been argued upon both sides, the question is, should the relator be discharged?

The case grew out of the preceedings in a certain cause pending in one of the District Courts of Travis County, wherein J. F. Salisbury is plaintiff and the Colonial Security Company are defendants. In that case the plaintiff as the holder of certain debentures of the defendant company sued in its own behalf and in behalf of such others having similar rights, who might join in the litigation, for the winding up of the concern and the distribution of its assets. Certain other parties intervened asserting, as we understand, rights similar to those claimed by plaintiffs. There was a prayer in the original petition for the appointment of a receiver, to take charge of all the assets of the defendant company including certain money and securities deposited with the Treasurer of the State by virtue of the Act of April, 1897. (See 1 Sayles' Rev. Stats., art. 749f to art. 749i, inclusive.) A receiver was appointed and qualified, who made his requisition upon the relator as Comptroller of the State for a warrant in his favor upon the State Treasurer for the money and securities so deposited. The relator refused to comply with the requisition, and application having been made to the court to compel him to do so, it was peremptorily ordered that he issue the warrant as demanded. The Comptroller having refused to obey the order, he was fined as for contempt of court and committed to jail until the fine should be paid and the warrant issued. To procure a release from this commitment this writ of habeas corpus was sued out.

For mere error of the court in making the order of commitment we can give no relief in this proceeding. But if the order has been· issued without authority it is void and the relator should be set at large.

The determination of the question depends upon the construction of the Act to which we have previously referred; and especially upon the construction of the language of section 4. The purpose of the Act as expressed in its title is to require "investment companies" to deposit money and securities with the State Treasurer. The first section requires the deposit and fixes the amount thereof. The second provides for the forfeiture of the charter of "any such company being a domestic corporation," for failure to comply with the requirements of the Act. The third provides penalties upon the agents of any such corporation whether domestic or foreign for doing business before the deposit is made. The fourth section reads as follows:

"In case of the failure of any company covered by this Act, the District Court of the county or city in which the principal office is located, upon the application of one or more shareholders, shall appoint a receiver for such company, whose duty it shall be to wind up the affairs, liquidate its debts, and distribute its assets, using therefor, upon the order of the court, the deposit previously made, to secure the shareholders, with the State Treasurer, and the State Treasurer is hereby authorized to pay out such deposit in accordance with requisitions made upon the State Comptroller by said receiver, and approved by the court, upon the warrant of the State Comptroller."

That the funds, which are required by this statute, can not be drawn out except under the conditions and at the time provided by the Legislature is a proposition which as we think requires no argument for its support. The section just quoted makes it the duty of the receiver of the insolvent company "to liquidate its debts, and distribute its assets, using therefor, upon the order of the court, the deposit previously made, to secure the shareholders, with the State Treasurer." This implies clearly that before a debt can be paid it must be first established and it would seem that before any debt can be established, every one having an interest in the fund would have the right to appear and contest it. Is it conceivable that the Legislature intended that before any debt was adjudicated, the fund should be drawn out of the treasury and placed in the hands of a receiver to pay such debt? Or that it should be taken out for distribution among the shareholders before their rights were established by the court? Why take them from the hands of the custodian, where they are as secure as security can reasonably be made, and place them in the hands of a receiver of the court, though securely bonded as he is presumed to be, until that period has arrived in the course of the suit when the rights of the parties have been fixed by a final adjudication. The policy of the Act as shown by its express terms, is to provide a fund securely deposited for the payment of the debts and for distribution among the shareholders in the case any one or more of the companies therein named may fail in business; and we think that the purpose was that the fund should so remain until a final adjudication of the rights of all persons interested in it.

Whether in course of the winding up of these companies a contingency may arise in which the court could order a part of the fund to be drawn out, is a question not before us and is one upon which we express no opinion.

Our conclusion is that the District Court was without power to order the Comptroller to draw his warrant upon the Treasurer and that therefore the order was void.

The relator is accordingly discharged.