CROWELL v. TERRELL, State Treasurer. (No. 1428.)*

(Court of Civil Appeals of Texas, El Paso. March 15, 1923.   Rehearing Denied April 12, 1923.)

1. Mandamus ⬉141—Motion in district court to compel state treasurer to turn over securities deposited by casualty company to its receiver held proper.

In view of Rev. St. art. 5732, providing that only the Supreme Court has jurisdiction to issue mandamus against state executive officers to compel performance of authorized duties, motion by a receiver to have the state treasurer turn over to him certain securities deposited with the treasurer as a prerequisite to a foreign casualty company's doing business in the state *held* not to seek an order compelling the performance of a duty the treasurer was authorized to perform, and was properly brought in the district court.

2. Insurance ⬉21—Receiver of casualty company not entitled to securities deposited with state treasurer without showing all demands against depositor reduced to final judgment.

In view of Complete St. 1920, art. 4930, which provides that securities deposited with the state treasurer by a foreign bonding and casualty company shall remain with him in trust to answer default of said company as surety to answer default established by final judgment upon which execution may lawfully be issued against the company, where a motion by a receiver appointed in a proceeding against a bonding and casualty company to require the state treasurer to turn over securities deposited by the company, failed to show that the demands of all persons for whose benefit the deposit was made had been established by final judgment, no right was shown entitling the receiver to the deposit.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Proceedings by the Hotchkiss-Frost Company against the American Bonding & Casualty Company, in which Douglas C. Crowell was appointed receiver. From an order sustaining exceptions to the receiver's motion to have the State Treasurer, C. V. Terrell, turn over to the receiver certain securities deposited with the Treasurer, the receiver appeals. Affirmed.

John L. Dyer and R. A. D. Morton, both of El Paso, for appellant.

W. A. Keeling, Atty. Gen., and W. W. Meachum, Asst. Atty. Gen., for appellee.

HIGGINS, J.   Douglas C. Crowell was appointed by the Forty-First district court of El Paso county, as receiver of the American Bonding & Casualty Company in a proceeding in that court entitled Hotchkiss-Frost Company v. American Bonding & Casualty Company, and the receiver was ordered to take charge and possession of all property of every nature, character, and kind of the American Bonding & Casualty Company, situated in the state of Texas. The said receiver made demand upon C. V. Terrell, state treasurer of the state of Texas, for the delivery to him, the receiver, of certain securities of the value of $50,000, and consisting of notes secured by mortgages on land in the state of Iowa, which the company had deposited with the treasurer as one of the requisite conditions of its being issued a permit to do business in the state of Texas. The treasurer refused to deliver the securities, and thereupon the receiver filed a motion in said proceeding in the district court of El Paso county against the treasurer, alleging his appointment as receiver, the deposit prior to his appointment, by the company, of certain named securities, consisting of notes executed by various parties and secured by liens and mortgages on lands situated in the state of Iowa, with the treasurer, and that same had been so deposited with the treasurer as required by the laws of Texas, in order for said company to do business in this state, the demand upon the treasurer for the delivery of said securities, his refusal, and further alleging that the treasurer claimed that there was no law by which he might collect the sums due under the securities, nor any law by which he was authorized to distribute the funds in his possession applicable to the state of affairs of said company in the state of Texas, and further alleging that as a matter of fact there is no method by which those entitled to said securities or the funds to be derived from them may be obtained, except through the instrumentality of this court, and that same should be delivered to the receiver, to the end that the same could be held for the benefit of Texas creditors of said company, and the estate administered and determined and disposed of, and praying that the treasurer be directed to turn said securities into the registry of this court, and that he be relieved of the trust imposed upon him by statute in reference thereto.

The state treasurer answered by exceptions, general and special, general denial, and a special answer, the contents of which need not be detailed.   The court sustained the general exception and a special exception to the effect that "it is not alleged that all the rights of the various claimants, having an interest in the securities or fund in question, have been finally adjudicated."

The receiver declined to amend.   His motion was thereupon dismissed, and he appealed.

[1] The suggestion is made by appellee that the district court has no jurisdiction over the subject-matter of this litigation. This is predicated upon article 5732, R. S., which reads:

"No court of this state (except the Supreme Court, as provided by article 1526) shall have

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused May 23, 1923.

power, authority or jurisdiction to issue the writ of mandamus or injunction or any other mandatory or compulsory writ of process against any of the officers of the executive departments of the government of this state to order or compel the performance of any act or duty which, by the laws of this state, they, or either of them, are authorized to perform, whether such act or duty be judicial, ministerial or discretionary."

No authority is cited in support of the suggestion, and we have found none bearing upon the question. In our opinion, however, the motion of appellant does not seek "to order or compel the performance of any act or duty which, by the laws of this state," the treasurer is "authorized to perform," and therefore this proceeding is not within the purview of that statute. This being true, the district court is the proper forum. Kaufman v. McGaughey, 3 Tex. Civ. App. 655, 21 S. W. 261.

The securities which it is sought to have delivered to the receiver were deposited with the state treasurer by the company in accordance with article 4930 (Complete Texas Statutes 1920), which provides:

"And, if such company be organized under the laws of any other state than this state, it must also have on deposit with a state office of one of the states of the United States, not less than one hundred thousand dollars in good securities, deposited with, and held by, such officer for the benefit of the holders of its obligations; * * * and must also have on deposit with the treasurer of this state at least fifty thousand dollars in good securities, worth at par and market value at least that sum, of the value of which securities the commissioner of insurance shall judge, held for the benefit of the holders of the obligations of such company; said securities so deposited with said treasurer to remain with him in trust to answer any default of said company as surety upon any such bond, undertaking, recognizance or other obligation, established by final judgment upon which execution may lawfully be issued against said company; said treasurer and his successors in office being hereby directed to so receive and hereafter retain such deposit under this act, in trust, for the purposes hereof; * * * provided, however, that whenever any such company, domestic or foreign, has been engaged in this state in the business contemplated by this act, has made deposit in this state, in trust or otherwise, of securities, to answer any default of such company upon any such bond, undertaking, recognizance, guaranty, or stipulation, such securities so deposited shall be by the trustee or custodian thereof transferred and delivered to said treasurer of this state in trust for the same purposes under and subject to all the rights and equities of all parties interested, and to the terms and provisions of this act; and thereupon such deposit shall remain in trust under and subject to the terms and provisions of this act; and, whenever such deposit has been made with a trustee by order of any court or other authority, it shall be the duty of the court or other authority, by order or otherwise, to direct such transfer to said treasurer; and, in case such deposit is less than the sum of fifty thousand dollars, then said company must deposit with said treasurer securities sufficient to increase said deposit to said sum of fifty thousand dollars, as required by this chapter. * * *"

This statute has been construed by the Supreme Court in the recent case of Texas & Fidelity Bonding Co. v. City of Austin, 246 S. W. 1026, opinion by Chief Justice Cureton, and with reference to securities deposited thereunder it was said:

"The statutes contain every element essential to the creation of a trust fund and the designation and selection of a trustee. That the effect of these statutes was to create a trust fund and make the state treasurer trustee is well settled by the decisions of our courts and other authorities."

To grant the motion of the receiver herein would operate as an ouster of the state treasurer from the trust imposed upon him under the law. Whether this will be done, it is said in note 46 L. R. A. (N. S.) 187—

"must of necessity depend to a great extent upon the wording and construction of the particular statute permitting or requiring the deposit. The decisions seem to indicate a disposition, if not a settled rule, on the part of the courts, to hold that the state official cannot be compelled to turn the deposit over to the receiver, unless the statute either, in plain words or by implication, so directs. The reason underlying such rule is that the state officer has been by law made trustee of the fund for a special use, and, in the absence of fraud on the part of the trustee the court has no power to hinder him from performing his trust."

In the present case, however, it is unnecessary to determine whether the state treasurer will in any case arising under this statute be relieved of his trust and the securities ordered delivered to a regularly appointed receiver, for the question presented by the special exception is ruled in favor of the appellee by the decision in Ex parte Stephens, 100 Tex. 107, 94 S. W. 327. In that case a receiver had been appointed by the district court of Travis county for the property of a bond investment company which had deposited with the state treasurer money and securities as required by Acts 1897, p. 118. The receiver made requisition on the comptroller for a warrant on the treasurer to pay over such deposit; and on the comptroller's refusal the court appointing the receiver fined him for contempt, and committed him till payment and compliance with the requisition. On habeas corpus brought by the comptroller it is held that, under section 4 of such act, the court had no right to demand that the deposit be turned over to the receiver until a final adjudication of the rights of all persons interested in it, and that the relator should be discharged from custody.

The Fourth section of the act construed in the Stephens Case provided:

"In case of the failure of any company covered by this act, the district court of the county or city in which the principal office is located, upon the application of one or more shareholders, shall appoint a receiver for such company, whose duty it shall be to wind up its affairs, liquidate its debts, and distribute its assets, using therefor, upon the order of the court, the deposit previously made, to secure the shareholders, with the state treasurer; and the state treasurer is hereby authorized to pay out such deposit in accordance with requisitions made upon the state comptroller by said receiver, and approved by the court, upon the warrant of the state comptroller."

Notwithstanding this express authority for the withdrawal of a deposit made by a bond investment company, it was nevertheless held that the court had no right to demand that it be turned over to its receiver until there had been a final adjudication of the rights of all persons interested therein. In so ruling Chief Justice Gaines said:

"Is it conceivable that the Legislature intended that, before any debt was adjudicated, the fund should be drawn out of the treasury and placed in the hands of a receiver to pay such debt, or that it should be taken out for distribution among the shareholders before their rights were established by the court? Why take them from the hands of the custodian, where they are as secure as security can reasonably be made, and place them in the hands of a receiver of the court, though securely bonded as he is presumed to be, until that period has arrived in the course of the suit when the rights of the parties have been fixed by a final adjudication. The policy of the act, as shown by its express terms, is to provide a fund securely deposited for the payment of the debts and for distribution among the shareholders in the case any one or more of the companies therein named may fail in business; and we think that the purpose was that the fund should so remain until a final adjudication of the rights of all persons interested in it."

[2] Article 4930, under which the securities were deposited by the American Bonding & Casualty Company, expressly provides that they shall "remain with him in trust to answer any default of said company as surety * * * established by final judgment upon which execution may lawfully be issued against said company." The motion filed by the receiver fails to show that the demands of all persons for whose benefit the deposit was made have been established by final judgment and under the ruling in the Stephens Case the district court of El Paso county has no right to require the surrender of the deposit to its receiver until this has been done.

The present case is much stronger in support of this view than the Stephens Case. This is apparent when it is considered that in the latter case there was express statutory authority for the surrender to the receiver of the deposit made by bond investment companies, whereas there is no statutory authority for the surrender of deposits made with the state treasurer under article 4930.

The appellant relied upon Phillips v. Perue, 111 Tex. 112, 229 S. W. 849, but in that case the treasurer voluntarily surrendered the securities to the receiver. No question arose as to the right to oust the treasurer from his trust. It was expressly stated that such question was not presented.

Appellant has filed a very able brief in support of its contention, but it would serve no useful purpose to review the various propositions upon which he relies. This is true for the reason that in our opinion the ruling in the Stephens Case is decisive and forecloses the question against appellant.

Affirmed.